## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Choua Yang,                                             **Civil File No. _____**

              Plaintiff,

vs.                                                                            **COMPLAINT**
                                                                    **JURY TRIAL DEMANDED**
County of Hennepin,

              Defendant.

COMES NOW the Plaintiff, Choua Yang, and through his attorneys, Sonja Dunnwald Peterson, and Roderick J. Macpherson, III, and Mid-Minnesota Legal Aid/Minnesota Disability Law Center, 111 North Fifth Street, Suite 100, Minneapolis, MN 55403, who alleges the following for his cause of action against Defendant:

### JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by Plaintiff's Complaint.

### I.  INTRODUCTION

1.     Choua Yang (hereafter "Yang") is a deaf man who was held in the Hennepin County Jail (hereafter referred to as "the Jail") from March 2-3, 2018.  Defendant County of Hennepin (hereafter "Defendant"), which is responsible for the operation of the Jail, failed to provide him full and equal access to services and programs it provides to other inmates who are not deaf, and failed to provide him with auxiliary aids and services necessary for communication.  Specifically, its failures include, but are not limited to:  it did not provide an American Sign Language (ASL) interpreter at all significant

communications it had with Yang while he was incarcerated; it did not provide accessible telephone service to allow Yang to communicate with friends, family, counsel, and other people while he was incarcerated; it failed to provide appropriate auxiliary aids and services to allow Yang to fully and equally use and benefit from its communication services under the same conditions and regulations that Defendant provides this service to other inmates of the Jail; it failed to provide Yang its Jail Handbook in an accessible format; and it failed to make announcements and notifications in an accessible format.

2.     Yang's lawsuit is not the first complaint Defendant has received that it did not provide appropriate auxiliary aids and services, including ASL interpreters, accessible telephone service, and/or policies in an accessible format, to people who are deaf and incarcerated at the Jail. Defendant signed a settlement agreement with the U.S. Department of Justice in 2005, agreeing to issue a policy ensuring effective communication and the provision of appropriate auxiliary aids for deaf inmates and detainees at its correctional facilities, including the adult facility and its juvenile detention center. Defendant agreed to ensure that deaf inmates and detainees have access to interpreters and other appropriate auxiliary aids for the booking process and medical evaluations. Defendant also agreed to develop an ADA training curriculum for employees who provide programs and services to inmates and detainees to ensure the availability of TTYs to provide equal access to telephone services. *See* Settlement Agreement between the United States and Hennepin County, Minn. (Dec. 6, 2005; Enforcing the ADA, Status Report from the Department of Justice, October - December 2005); *see also Leonard v. Hennepin County*, Minn. Dept. of Human Rights File No. 68376; *Gray v. Hennepin County*, Minn. Dept. of Human Rights

File No. 67484 (Mar. 21, 2017). Despite Defendant's knowledge of the communication barriers existing in the Hennepin County Jail, the barriers Yang encountered continued to exist.

3.      Yang brings this legal action pursuant to the Americans with Disabilities Act (ADA) (42 U.S.C. § 12132), the Federal Rehabilitation Act (29 U.S.C. § 794) and the Minnesota Human Rights Act (MHRA) (Minn. Stat. § 363A.12), to obtain all damages provided by the law.  He does not request injunctive or declaratory relief from this Court. Yang also seeks to recover statutory attorney's fees incurred in bringing this action.

## II.  RELATED CASES

4.      Yang is in the process of beginning another case in State District Court, specifically the Fourth Judicial District of the State of Minnesota, against Defendant based on the same events and statutory violations alleged in this lawsuit which does not seek recovery of damages as a remedy (*Yang v. County of Hennepin*, (Minn. 4th Jud. Dist.)).

5.      Yang will commence the state court action described in Paragraph 4 of this Complaint because the Federal Court lacks jurisdiction to hear Yang's request for declaratory and injunctive relief. (*See Greenson v. County of Dakota*, 2013 WL 3064452 (D. Minn. June 18, 2013)). Consequently, Yang has filed this federal court lawsuit requesting only damages as a remedy.

6.      Yang's state court lawsuit requests only the remedies of declaratory and injunctive relief.  It does not request compensatory or punitive damages.

### III.  JURISDICTION AND VENUE

7.      This Court has jurisdiction over Yang's case because it asserts claims based on federal statutes.

8.      Venue is proper within this District.

9.      On or about February 26, 2019, Yang filed a charge of public service disability discrimination against Defendant with the Minnesota Department of Human Rights (hereinafter "MDHR"), pursuant to Minn. Stat. § 363A.28, subdivision 1.

10.     On October 12, 2021, Yang notified the MDHR Commissioner of his intention to bring a civil action, which was commenced within 90 days of giving the notice.

11.     On October 12, 2021, Yang sent a copy of his summons and complaint by certified mail to the Commissioner.

### IV.  PARTIES

12.     Plaintiff, Choua Yang, resides in Ramsey County, Minnesota.

13.     Yang is a person who is deaf, whose hearing is severely limited.

14.     Yang's primary language is American Sign Language ("ASL"), which he uses to communicate with hearing people and with deaf people.  When he communicates with hearing people concerning significant and complex matters, such as legal matters, he uses an ASL interpreter to assure effective communication with people who are hearing and who do not use ASL.

15.     Defendant County of Hennepin is a political subdivision in the State of Minnesota, specifically it is a county.

4

16.     Defendant is a public service, as defined by the Minnesota Human Rights Act, Minn. Stat. § 363A.03, subd. 34.

17.     Defendant is a public entity covered by Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

18.     Defendant operates the Hennepin County Jail, located in Minneapolis, Minnesota.

## V.  FACTS

19.     Defendant provides various services and programs to all inmates of the Jail including, but not limited to, the following:

    a.  Providing telephone service to inmates to allow them to communicate with counsel, family, friends, and others during the booking and intake process;

    b.  Providing telephone service to inmates in the housing units after their admission to the Jail to allow them to communicate with family, friends, and others;

    c.  Communicating with inmates concerning the booking and intake process, including answering inmates' questions;

    d.  Communicating with inmates concerning Jail rules and procedures; and

    e.  Communicating announcements to inmates concerning mealtimes and other significant events occurring during the day in the Jail.

20.     On March 2, 2018, Yang was arrested and taken to the Hennepin County Jail, where he was held by Defendant from March 2-3, 2018.

21.     Yang made several requests to Defendant for an ASL interpreter between March 2-3, 2018.

22.     Defendant knew Yang was deaf and that he needed ASL interpreters and other auxiliary aids and services.

23.     Yang could not use the audio telephones at the Jail because he is deaf.

24.     Defendant did not provide Yang with an effective and working videophone or other communication system to allow him to communicate with counsel, family, friends and other people during the booking and admission process.

25.     Defendant failed to provide Yang with a fluent ASL interpreter during significant communications between the Jail staff and Yang while he was held in the Jail, including but not limited to:

        a.      Communications during booking and admission;

        b.      Communications regarding orientation to the Jail; and

        c.      Communications regarding Jail rules and procedures.

26.     Defendant failed to provide Yang with an accessible version of its jail handbook (rules and procedures).

27.     Defendant made communications to inmates concerning daily announcements and notifications using only aural methods (a public address speaker system) which Yang could not hear.

28.     Defendant failed to provide Yang with full and equal access to and benefit from its services, programs, and benefits.

6

29.     Defendant's actions subjected Yang to illegal discrimination based on disability.

30.     As a result of Defendant's actions, omissions, policies and practices, and its violations of the ADA, Federal Rehabilitation Act, and Minnesota Human Rights Act described in this Complaint, Yang has suffered economic harm, including, but not limited to, emotional distress, personal humiliation, and loss of personal reputation because of Defendant's illegal actions.

## VI.  FIRST CAUSE OF ACTION

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

31.     Yang re-alleges and incorporates by reference herein the allegations in Paragraphs 1 through 30.

32.     Yang is a person with a disability as that term is used by 42 U.S.C. § 12132.

33.     Defendant is a public entity covered by Title II of the Americans with Disabilities Act (42 U.S.C. § 12132).

34.     Defendant is responsible for operating, managing, and supervising the Jail.

35.     Defendant's failure to provide auxiliary aids and services necessary for effective communication deprived Yang of equal access to and benefit from Defendant's services, as described in Paragraphs 19-30 of this Complaint, violated Title II of the ADA (42 U.S.C. §12132) and its implementing regulations.

36.     Defendant's actions, omissions, policies, and practices discriminated against Yang on the basis of disability and denied him the equal benefit of its services, programs,

7

and activities in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §

12132 and its implementing regulations (28 C.F.R. Part 35).

37.     As a result of Defendant's actions, omissions, policies and practices, and its

violations of Title II of the Americans with Disabilities Act, described in this Complaint,

Yang suffered the harm described in Paragraph 30 of this Complaint.

## VII.  SECOND CAUSE OF ACTION

## VIOLATION OF THE FEDERAL REHABILITATION ACT

38.     Yang re-alleges and incorporates by reference herein the allegations in

Paragraphs 1 through 30.

39.     To the best of Yang's information and belief, Defendant is an entity which

receives funding from the United States Government for the operation of the Hennepin

County Jail and is, therefore, covered by the Federal Rehabilitation Act (29 U.S.C. § 794).

40.     Yang is a person with a disability as that term is used by 29 U.S.C. § 794.

41.     Defendant's failure to provide auxiliary aids and services necessary for

effective communication deprived Yang of equal access to and benefit from Defendant's

services, as describe in Paragraphs 19-30 of this Complaint, violated the Federal

Rehabilitation Act (29 U.S.C. § 794) and its implementing regulations.

42.     As a result of Defendant's actions, omissions, policies and practices, and its

violations of Federal Rehabilitation Act, described in this Complaint, Yang suffered the

emotional harm described in Paragraph 30 of this Complaint.

## VIII.  THIRD CAUSE OF ACTION

## VIOLATION OF MINNESOTA HUMAN RIGHTS ACT

43.     Yang re-alleges and incorporates by reference herein the allegations in Paragraphs 1 through 30.

44.     Yang is a person with a disability as that term is used by the Minnesota Human Rights Act, Minn. Stat. §§ 363A.03, subd. 12, and 363A.12.

45.     Hennepin County Jail is an agency of Defendant County of Hennepin, State of Minnesota.

46.     Defendant is a public service covered by the Minnesota Human Rights Act, Minn. Stat. §§ 363A.03, subd. 35, and 363A.12.

47.     The conduct of Defendant and its officers, managers, supervisors, and agents constitutes disability discrimination in public service regarding the full and equal access to, admission to, full utilization of or benefit from Defendant's public service, and its failure to ensure physical and program access for disabled persons, in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.12, subd. 1.

48.     Defendant's actions, omissions, policies, and practices have subjected Yang to illegal discrimination by reason of his disability in violation of Minn. Stat. §§ 363A.12 and 363.03, subd. 33.

49.     As a result of Defendant's actions, omissions, policies and practices, and its violation of the Minnesota Human Rights Act described in this Complaint, Yang suffered the harm described in Paragraph 30 of this Complaint.

## IX.  RELIEF REQUESTED

Yang, therefore, respectfully requests that this Court issue the following relief:

50.     Award compensatory damages in an amount in excess of Fifty-Thousand Dollars ($50,000.00), pursuant to Minn. Stat. § 363A.33, subd. 6, and Minn. Stat. § 363A.29, subd. 4, the ADA, and the Federal Rehabilitation Act;

51.     Award punitive damages in the amount of Twenty-Five Thousand Dollars ($25,000.00), pursuant to Minn. Stat. § 363A.33, subd. 6, and Minn. Stat. § 363A.29, subd. 4(b);

52.     Award treble damages, pursuant to Minn. Stat. § 363A.33, subd. 6, and Minn. Stat. § 363A.29, subd. 4(a);

53.     Order Defendant to pay a civil penalty pursuant to Minn. Stat. § 363A.33, subd. 6, and Minn. Stat. § 363A.29, subd. 4(a);

54.     Award Yang statutory attorneys' fees and expenses pursuant to Minn. Stat. § 363A.33, subd. 7, the ADA, and the Federal Rehabilitation Act; and

55.    Award Yang such other and further relief as the Court may deem

reasonable and just.

**MID-MINNESOTA LEGAL AID**
**MINNESOTA DISABILITY LAW CENTER**


Dated: 11/03/21                        By:   *s/ Sonja D. Peterson*
                                            Sonja D. Peterson (#0169249)
                                       111 North Fifth Street, Suite 100
                                       Minneapolis, MN 55403
                                       Email: speterson@mylegalaid.org
                                       Telephone: 612-746-3831
                                       Facsimile:  612-334-5755


Dated: 11/08/21                        By:   *s/ Roderick J. Macpherson, III*
_____           Roderick J. Macpherson, III (#0066163)
                                       111 North Fifth Street, Suite 100
                                       Minneapolis, MN 55403
                                       Email: rjmacpherson@mylegalaid.org
                                       Telephone: 612-746-3731
                                       Facsimile:  612-334-5755

                                       *Attorneys for Plaintiff*